# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GENE AND SHIRLEY WISHON, et al., On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MONSANTO COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. CIV-13-770-M ) ) ) ) ) |

## ORDER

Before the Court is plaintiffs' Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation, filed September 18, 2013. On September 25, 2013, defendant filed its response in opposition. Based upon the parties' submissions, the Court makes its determination.

This action is one of sixteen (16) pending actions ("Related Actions") that allege that defendant is liable to United States wheat farmers who allegedly sustained injuries and damages due to defendant's alleged widespread contamination of the United States wheat and wheat seed supply with its genetically modified wheat seed. Plaintiffs in the Related Actions moved the Judicial Panel on Multidistrict Litigation ("JPML") to transfer and consolidate these suits in either the Eastern District of Washington, District of Oregon, Portland Division; District of Kansas or the Eastern District of Missouri for coordinated pretrial proceedings under 28 U.S.C. § 1407. In light of the petition to transfer pending before the JPML, which was set to be heard on September 26, 2013, with an opinion to be issued by the Panel shortly thereafter, plaintiffs move this Court to stay all proceedings in this action until the JPML decides whether to transfer and consolidate this case along with all of the other Related Actions.

In determining whether or not to exercise its discretion to stay a case pending a decision by the JPML, district courts typically consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 979 (S.D. Tex. 2011); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Plaintiffs contend all three considerations weigh heavily in favor of granting a stay. First, plaintiffs assert that a temporary stay will not unduly prejudice any party in this matter. Plaintiffs further assert that they anticipate that the multidistrict litigation ("MDL") motion will be resolved shortly after the hearing, and any delay in this proceeding will be minimal. Second, plaintiffs assert that they will be substantially prejudiced by duplicative motion practice if a stay is not put in place. For instance, plaintiffs assert that without the stay, they will be required to respond to defendant's motion to dismiss, which the Court may even decide prior to the decision by the JPML.[1] Plaintiffs contend that if the cases are then consolidated, the transferee court will be required to re-litigate some of the same issues when a consolidated complaint is filed and that staying the instant case has the potential to avoid such a scenario. Third, plaintiffs assert a stay is appropriate in order to ensure consistent treatment of the lawsuits, to avoid duplicative and conflicting results, and to ensure that judicial resources are not wasted. Finally, plaintiffs assert that the risk of prejudice to defendant is minimal, especially given that the stay will be in effect only until the JPML issues its decision in the

---

[1] The Court would note, however, that subsequent to plaintiffs' motion to stay, plaintiffs were granted an extension of time to respond to defendants' motion to dismiss, and plaintiffs' response is now due October 18, 2013. Thus, defendants' motion to dismiss will not be fully briefed until October 25, 2013.

very near future, and that the stay's short duration is particularly harmless in light of the fact that this case is at an early stage.

Defendant, on the other hand, contends that imposing a stay in this case until the JPML makes its decision is unnecessary. Defendant asserts that plaintiffs' arguments that they will be substantially prejudiced by duplicative motion practice are without merit because if this case is transferred, the same plaintiffs will still have to respond to defendant's motion to dismiss in the transferee court; plaintiffs suffer no prejudice in being required to do that sooner rather than later. A transfer will not change the applicable law or any of the issues presented in defendant's motion. Further, defendant asserts that it has a substantial interest in having its motion to dismiss briefed and heard in a timely fashion, and an unnecessary stay will impair that interest. Defendant also asserts that it would be prejudiced if required to unnecessarily expend time, attention and resources investigating and defending a suit this Court can dismiss at this stage of the litigation due to plaintiffs' deficient pleadings. Finally, defendant asserts that denying the motion to stay will promote judicial economy. Defendant contends that this Court and the parties will likely know the outcome of the pending MDL motion to transfer in advance of the completion of briefing on defendant's motion to dismiss. As a result, if the JPML transfers this action to another district, this Court can simply transfer the fully briefed motion to the transferee court for resolution, and if the JPML denies the transfer motion, defendant's motion to dismiss will be fully briefed and ready for resolution before this Court. Either way, there is no possibility that judicial resources will be wasted by proceeding with the existing briefing schedule.

Having carefully reviewed the parties' submissions, the Court finds that imposing a stay until the JPML makes its decision is unnecessary in this case. Specifically, the Court finds because it is

3

anticipated that the JPML will make its decision quickly, there will be no hardship or inequity to plaintiffs if this matter is not stayed. Additionally, the Court finds that judicial resources would not be wasted if this action is not stayed. Defendant's motion to dismiss will need to be fully briefed whether this case is transferred or not, and because the JPML will likely issue its decision before briefing is complete, no judicial resources will be wasted.[2]

Accordingly, the Court DENIES plaintiffs' Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation [docket no. 21].

**IT IS SO ORDERED this 11th day of October, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]If the JPML does not rule as quickly as the parties believe it will, plaintiffs may file a second motion to stay.